United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Adorno F. Piccinini,                                    Case No. 08-57865-R
        Debtor.                              Chapter 7
_____/                        Hon. Steven Rhodes

Karen Mattingly,
        Plaintiff                             Adv. Pro. No. 08-5329

v.

Adorno F. Piccinini,
        Defendant.
_____/

## Amended Opinion Denying Plaintiff's Motion for Reconsideration of Order Striking Jury Demand

Plaintiff Karen Mattingly and Debtor-Defendant Adorno Piccinini are former spouses and business partners. A Judgment of Divorce Decree was entered on November 2, 2006. Both prior and subsequent to the Divorce Decree the parties entered into several agreements to try to manage their joint business affairs. Eventually Mattingly initiated litigation in the Oakland County Circuit Court. (Case No. 06-077613-CZ)

Prior to the conclusion of the Oakland County litigation, Mattingly filed a voluntary chapter 7 bankruptcy petition on August 28, 2007. On July 24, 2008, Piccinini filed a voluntary chapter 7 bankruptcy petition. Karen Mattingly filed an Appearance and Notice of Claim as a creditor in Piccinini's bankruptcy on October 29, 2008. On November 12, 2008 and March 13, 2009, Mattingly filed identical proofs of claim. The proofs of claim, both dated November 12, 2008, assert the basis for claim as "Embezzlement/willful and malicious injury/domestic support obligation." The amount

is listed as "unliquidated."

On November 3, 2008, Mattingly filed the present adversary proceeding and jury demand. Mattingly's complaint seeks a determination that Piccinini owes her a non-dischargeable debt based on embezzlement, willful and malicious injury, and domestic support obligations.

On January 14, 2010, this Court, acting *sua sponte*, entered an order striking the jury demand. Citing *Anderson v. Demis* (*In re Anderson*), 98 Fed. Appx. 367 (6th Cir. 2004), the Court noted that determinations of dischargeability are equitable in nature and a creditor seeking such a determination is not entitled to a jury trial.

On January 28, 2010, Mattingly filed a motion for reconsideration, asserting that because she also seeks a money judgment, she is entitled to a jury trial. On January 29, 2010, Piccinini filed a response to the motion for reconsideration. On February 9, 2010, Mattingly filed a reply to Piccinini's response.

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989), the Supreme Court enunciated the rule for determining whether the Seventh Amendment confers a right to a jury trial for a claim heard in bankruptcy. The two part test first looks at the cause of action compared to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the courts examine the remedy sought and determine whether it is legal or equitable in nature. *Id.*, 492 U.S. at 42. Courts have noted that the second part of the test is generally decisive. *Id.*

However, the Supreme Court has further held that a creditor's submission of a proof of claim to the bankruptcy court triggers the process of "the allowance and disallowance of claims" and subjects the creditor's otherwise legal claim to the bankruptcy court's equitable power, negating a right to a jury trial. *Langenkamp v. Culp*, 498 U.S 42, 111 S. Ct. 330 (1990).

2

It is well established that a dischargeability proceeding is equitable in nature. *See N.I.S. Corp. v. Hallahan* (*In re Hallahan*), 936 F.2d 1496, 1505 (7th Cir.1991) (In a non-dischargeability action, the denial of a jury to the debtor is proper.); *Citibank, N.A. v. Fisher* (*In re Fisher*), 186 B.R. 70, 71 (Bankr. E.D. Tex. 1995); *Snyder v. Devitt* (*In re Devitt*), 126 B.R. 212, 214-15 (Bankr. D. Md. 1991); *Schieber v. Hooper* (*In re Hooper*), 112 B.R. 1009, 1012 (B.A.P. 9th Cir. 1990); *Rude v. Whitehorn* (*In re Whitehorn*), 99 B.R. 734, 736-37 (Bankr. N.D. Tex. 1989).

"The question is whether [a] suit, which is legal in nature when brought outside of bankruptcy court, sheds its legal character when heard as part of a dischargeability proceeding conducted by a bankruptcy court in the exercise of its traditional equitable jurisdiction." *Hallahan*, 936 F.2d at 1502. Mattingly asserts that even if she is not entitled to a jury trial on the issue of dischargeability, she is entitled to a jury trial with respect to the issues of the debtor's liability and the amount of the debt.

The Court concludes she is not. The Court's conclusion is supported by *Longo v.McLaren* (*In re McLaren*), 3 F.3d 958, 966 (6th Cir. 1993). In *McLaren*, the Sixth Circuit held that a debtor who files a voluntary bankruptcy petition is not entitled to a jury trial regarding determination of dischargeability and the amount of the money judgment. The Sixth Circuit quoted *Devitt*,

> If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury. This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt.

*McLaren*, 3 F.3d at 966 (*quoting Devitt*, 126 B.R. at 215). The Sixth circuit also quoted *Hallahan*, with approval:

3

> In *Hallahan*, the Seventh Circuit recognized that requiring the empaneling of a jury in bankruptcy court in the midst of a dischargeability proceeding, or referring the matter back to the district court for a jury trial "creates a cumbersome process." *Hallahan*, 936 F.2d at 1508. The court also reasoned that "allowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the 'rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief.' " *Id*. (*quoting Alexander v. Hillman*, 296 U.S. 222, 242, 56 S. Ct. 204, 211, 80 L. Ed. 192 [1935] ). Because a party properly before a court of equity subjects himself "to all the consequences that attach to an appearance," *id.*, the amount of McLaren's liability was properly determined by the Bankruptcy Court. *Id*.

*McLaren*, 3 F.3d at 966.

Additionally, several courts have concluded that once a creditor submitted a claim to the equitable powers of the bankruptcy court by filing a proof of claim, any right to a jury trial on that claim is lost. *In re Jensen*, 946 F.2d 369, 374 (5th Cir. 1991) ("Filing a proof of claim denied both the plaintiff and the defendant, debtor, any right to jury trial that they otherwise might have had on that claim."); *Gaines v. Thomas* (*In re Thomas*), 235 B.R. 864, 866 (Bankr. N.D. Tex. 1999); *Greenlee v. Mather* (*In re Mather*), 2000 WL 620817 (Bankr. S.D. Ohio) ("Because the Plaintiffs have filed proofs of claim in the Debtor's bankruptcy case regarding the same claims that serve as the basis of their dischargeability action, this proceeding has become part of the claims-allowance process and, under the authority of *Katchen*, *Granfinanciera*, and *Langenkamp*, they possess no Seventh Amendment right to a jury trial concerning the same.").

Mattingly cites no contrary authority. *In re Merrill*, 594 F.2d 1064, 1068 (5th Cir. 1979), which was not cited by Mattingly, held, "However, once the bankruptcy court determined that the debt was not dischargeable, appellant was entitled to a jury trial on the issues of liability and amount." This Court concludes that *Merrill* does not support Mattingly's position for two reasons. First, nothing in the opinion suggests that the creditor in that case filed a proof of claim. Second,

*Merrill* was decided before *Langenkamp v. Culp*, 498 U.S 42, 111 S. Ct. 330 (1990), which held that a creditor's right to a jury trial is negated by its filing of a proof of claim.

In the present case Mattingly filed two proofs of claim. They are identical. Both list the amount as unliquidated and the basis for the claim as the causes of actions pled in the adversary complaint. The issues to be litigated, including the amount, if any, of monetary damages, directly go to the allowance or disallowance of claims within Piccinini's bankruptcy case. Accordingly, once Mattingly submitted her claims to the equitable power of the bankruptcy court, she no longer had any right to a jury trial.

Therefore, Mattingly's motion for reconsideration of the Order Striking Jury Demand is denied.

For Publication.

**Signed on February 17, 2010**

                                                   **/s/ Steven Rhodes**
                                                   **Steven Rhodes**
                                                   **United States Bankruptcy Judge**